**Patrick BURKE, Katherine Burke (minor) and Amber Burke (minor), Plaintiffs,**

v.

**SHEBOYGAN COUNTY HUMAN SERVICES, Social Worker Sandy Swoboda, and Supervisor Martin Bonk, Defendants.**

**No. 91–C–1290.**

United States District Court,
E.D. Wisconsin.

April 20, 1992.

Patrick Burke, pro se.

No appearance, for defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On March 11, 1992, the court issued a decision and order denying the plaintiffs, Patrick Burke and two of his minor children, leave to proceed with this civil rights action in forma pauperis. Accordingly, the defendants have not been served with the summons and complaint and have never entered an appearance in the action.

On March 30, 1992, the court received a letter from Mr. Burke requesting that it reconsider its decision. In the letter, which the clerk of court is requested to docket as a motion to reconsider, Mr. Burke states as follows:

I ... feel that there is other information that might help in this decision.

In the Decision & Order you stated many cases but the one you did not mention was *Davis v. Casey*, 493 F.Supp. 117 (1980). This case was the basis for my complaint.

In its previous decision and order, the court concluded that the defendants owed no constitutional duty to protect Mr. Burke's children against their mother's alleged violence, citing *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 202, 109 S.Ct. 998, 1006, 103 L.Ed.2d 249 (1989), and *Archie v. City of Racine*, 847 F.2d 1211 (7th Cir.1988) (en banc), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 809 (1989). The court remains convinced that under those authorities the plaintiffs' claims are inarguable in law, *see Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989), and that the action is "frivolous" for purposes of 28 U.S.C. § 1915(d).

Nevertheless, at Mr. Burke's invitation, the court has now examined *Davis v. Casey*, 493 F.Supp. 117 (D.Mass.1980). In *Davis*, the plaintiff alleged that the defendants, a "school teacher, a school principal, a school nurse, and two administrators of the Massachusetts Department of Public Welfare" negligently failed to protect the plaintiff's minor daughter from abuse while she was in parental custody. The court determined that the plaintiff had failed to state a claim under 42 U.S.C. § 1983 because the conduct of the defendants could not be said to have deprived either the plaintiff's daughter or the plaintiff "of protected liberties within the meaning of the Fourteenth Amendment." 493 F.Supp. at 119. The court (as the Supreme Court later did in *DeShaney*) specifically rejected the notion that the defendants could be liable under § 1983 absent any sort of "affirmative state action."

■ It is true that the court in *Davis* acknowledged that *one* of the deficiencies of the plaintiff's complaint was his failure to allege that the identity of his daughter's abuser was known to the defendants. *See* 493 F.Supp. at 120. From there, Mr. Burke now suggests that *Davis* somehow stands

for the converse proposition: that he states a valid claim if he alleges that the identity of the abuser was known to the defendants. The court does not share that interpretation of *Davis*—a district court decision that is, at best, merely persuasive authority.

At all events, to the extent that *Davis* is claimed to be the "basis" for the plaintiffs' claims, it must give way to *DeShaney*—the Supreme Court's pronouncement of the applicable law—for the reasons stated in the court's previous decision and order.

■ It may be that the defendants have violated some provision of state law. However, it is not the role of this federal court under § 1983 to remedy violations of state law, *cf. Davis*, 493 F.Supp. at 120 n. 5 (even the fact that the defendants could be shown to have violated state law, without more, would not give rise to liability under § 1983).

As tragic as the events alleged in the complaint may be, the plaintiffs have not stated an arguable claim for relief under 42 U.S.C. § 1983. They must seek redress, if any is to be had, in the Wisconsin state courts.

### ORDER

Therefore, IT IS ORDERED that the plaintiffs' motion for reconsideration be and hereby is denied.